Janice F. Mulligan, SBN: 99080
Elizabeth A. Banham, SBN: 131734
Brian K. Findley, SBN: 251172
**MULLIGAN & BANHAM**
2442 Fourth Avenue, Suite 100
San Diego, California 92101
Tel: (619) 238-8700 | Fax: (619) 238-8701
Email:  findley@janmulligan.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAILEY LANDRY, a minor, by and through her Guardian Ad Litem, Jeanna Mealer; and JENSEN LANDRY, an individual,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　Defendant. | Case No. 3:13-cv-00537-H-WVG<br><br>**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OF MINOR** |

　　　Petitioner, Jeanna Mealer, Guardian Ad Litem for Plaintiff, BRAILEY LANDRY, a minor, hereby petitions this Court for approval of the compromise of BRAILEY LANDRY's claim in this action.  This petition is based on the following information:

　　　1.　**Petitioner:** Jeanna Mealer, Guardian Ad Litem for Plaintiff, BRAILEY LANDRY.

　　　2.　**Plaintiff:** BRAILEY LANDRY.

      a. **Address:** 231 Ada St., Blue Ridge, GA 30513.

      b. **Date of Birth:** April 25, 2010.

      c. **Age:** 3

      d. **Sex:** Female.

      e. **Minor:** Yes.

      f. **Person with a Disability:** No.

3. **Relationship:** Petitioner is the maternal grandmother of the Plaintiff and her Guardian Ad Litem in this action.

4. **Nature of Claim:** The claim of the minor is the subject of the action captioned above, which will be compromised without a trial on the merits.

5. **Incident:** The incident occurred as follows:

      a. On or about November 22, 2010, Bryce Landry, an enlisted Marine, and Plaintiff, JENSEN LANDRY presented their infant child, Plaintiff, BRAILEY LANDRY ("BRAILEY") to the emergency department of Camp Pendleton Naval Hospital ("CP Hospital"), for medical treatment related to a rash. BRAILEY was six months old.

      b. Based upon information and belief and thereon alleged, while treating BRAILEY, CP Hospital Staff negligently applied an inappropriate medical device, referred to as an "OB/GYN light," to BRAILEY's right wrist and left palm, in an effort to locate veins from which blood could be drawn, thereby causing her significant burn injuries. Based upon information and belief and thereon alleged, the device used was not intended for use in the manner in which it was used upon BRAILEY, because of its propensity to cause serious burns, among other reasons.

      c. As an actual and proximate result of the application of the OB/GYN light by CP Hospital Staff to BRAILEY's right wrist and left palm, BRAILEY sustained serious injury, including second and third degree burns to her skin, scarring, pain and suffering.

      d.    In addition, the medical device used to burn BRAILEY was negligently supplied, placed and/or left in a location that significantly increased the likelihood that it would be used for an improper purpose, causing injury, by CP Hospital and/or CP Hospital Staff.

      e.    JENSEN LANDRY was in close proximity to and witnessed CP Hospital's Staffs' negligent conduct which caused injury to her daughter, BRAILEY, causing her emotional distress.

6. **Treatment and Recovery:** BRAILEY was treated for her burn injuries at Camp Pendleton Naval Hospital at the time of the incident. The injury and scarring to her left palm has resolved. **Exhibit A** is a recent photograph of the injury to BRAILEY's right wrist. On November 22, 2011, BRAILEY was examined by Michael L. Hoops, M.D. [See **Exhibit B**, Exam Note]. Dr. Hoops noted that BRAILEY will always have a scar on her right wrist, but that it could be a "better scar" through scar revision surgery. Dr. Hoops did not recommend the surgery at this time, but rather in the future as BRAILEY ages. Dr. Hoops informed BRAILEY's mother that the revision surgery will cost approximately $800. BRAILEY has no other injuries which are the subject of this action.

7. **Petitioner's Inquiry:** The Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident in which the Plaintiff was injured; the responsibility for the incident; and the nature, extent, and seriousness of the Plaintiff's injuries. Petitioner fully understands that if the compromise proposed in this Petition is approved by the court and is consummated, the Plaintiff will be forever barred from seeking any further recovery or compensation from the settling defendants named below even though the Plaintiff's injuries may in the future appear to be more serious than they are right now thought to be.

8. **Amount and Terms of Settlement:** By way of settlement, the defendants named below have offered to pay the following sums to Plaintiff BRAILEY LANDRY:

| **Defendant:** | **Amount:** |
|---|---|
| THE UNITED STATES OF AMERICA | $12,850.00 |

The total settlement of this entire action is one lump-sum payment of **$15,000.00** which includes $12,850.00 payable by THE UNITED STATES OF AMERICA to Plaintiff, BRAILEY LANDRY and an additional $2,150.00 payable by THE UNITED STATES OF AMERICA to Plaintiff, JENSEN LANDRY for her negligent infliction of emotional distress cause of action.

Petitioner is not a Plaintiff in this action and receives nothing in settlement.

9.  **Medical Expenses**: BRAILEY's total medical expenses to be reimbursed out of the settlement sum is: **zero**.

10. **No Liens**: There are no liens on the recovery from this case. **Neither Medi-Cal nor Medi-Care paid any amount related to Plaintiff's injuries.** Plaintiff was and is insured by through TriCare, which is not asserting a lien in this action in accordance with 32 CFR 757.15.

11. **Plaintiff's Attorney Fees and Costs:** The total amount of attorney's fees and costs on the $12,850.00 settlement amount to BRAILEY are as follows:

| **Item:** | **Payee(s):** | **Amounts:** |
|---|---|---|
| Attorneys Fees (25% of $12,850 per FTCA) | Janice F. Mulligan, A.P.C. | $3,212.50 |
| Costs Advanced (Itemization on Exhibit C) | Janice F. Mulligan, A.P.C. | $ 662.35 |
| **Total Attorneys Fees and Costs:** | | **$3,874.85** |

(See Exhibit D, Attorney Fee Declaration).

12. Petitioner has paid no expenses of Plaintiff that require reimbursement.

13. **Net:** The net balance of the proceeds of the proposed settlement remaining for Plaintiff BRAILEY after payment of all requested fees and expenses is: **$ 8,975.15**.

14. **Attorney Representing Petitioner:** Brian K. Findley, SBN: 251172, Mulligan & Banham (dba of Janice F. Mulligan, A.P.C.), 2442 Fourth Ave., Ste. 100, San Diego, CA 92101, (619) 238-8700.

15. **Other compensation:** To date, petitioner's attorney has not received attorney's fees or other compensation in addition to that noted in this petition. Petitioner's attorney also represents Plaintiff JENSEN LANDRY in this action and expects to receive an additional **$537.50** in attorney's fees (25% of $2,150 settlement), and no additional reimbursement for costs advanced, in regard to that representation.

16. **Disbursement of Settlement Proceeds:** There is no guardianship of the estate of the minor. Petitioner requests that the balance of the proceeds of the settlement be disbursed as follows: Plaintiff BRAILEY's net recovery of $8,975.15 to be deposited by Petitioner's attorney into a blocked account, subject to withdrawal only upon authorization of the court or by BRAILEY upon reaching the age of majority, at the following financial institution in her state of residence: United Community Bank, 182 Blue Ridge Dr McCaysville, GA 30555 (706) 492-5900.

17. **Request to Waive Appearance.** Petitioner respectfully requests the court to waive her personal appearance and the personal appearance of Plaintiffs BRAILEY LANDRY and JENSEN LANDRY at the hearing on this Petition, if any. Petitioner and Plaintiffs presently reside in Blue Ridge, Georgia. Plaintiff BRAILEY LANDRY is two years old. Plaintiff JENSEN LANDRY is approximately five months pregnant. Traveling to San Diego would be a hardship for Petitioner and Plaintiffs. Petitioner and Plaintiffs will make arrangements to appear by telephone or, if available, by videoconferencing, if the court requests.

18. Petitioner recommends that the compromise settlement for the Plaintiff to the court as being fair, reasonable, and in the best interest of the Plaintiff and requests that the court approve this compromise settlement.

**Attorney:**
Dated: May 29, 2013          **MULLIGAN & BANHAM**

                             s/ Brian K. Findley
                             Brian K. Findley
                             Attorneys for Plaintiffs
                             Email: findley@janmulligan.com

**Petitioner:**

I declare under penalty of perjury that the foregoing is true and correct.


Dated: May ___, 2013

                             Jeanna Mealer
                             Petitioner and Guardian Ad Litem for
                             Plaintiff, BRAILEY LANDRY

18. Petitioner recommends that the compromise settlement for the Plaintiff to the court as being fair, reasonable, and in the best interest of the Plaintiff and requests that the court approve this compromise settlement.

**Attorney:**
Dated: May 29, 2013            **MULLIGAN & BANHAM**

s/ Brian K. Findley
Brian K. Findley
Attorneys for Plaintiffs
Email: findley@janmulligan.com

**Petitioner:**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 29th, 2013

Jeanna Mealer
Petitioner and Guardian Ad Litem for
Plaintiff, BRAILEY LANDRY

- 6 -
PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OF MINOR